FILED - GR
August 15, 2007 9:08 AM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_____/_____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **Maria Fox,** )<br>)<br>Plaintiff, )<br>)   Hon.<br>v. )<br>)<br>**Oxford Collection Agency, Inc.,** )<br>a New York corporation, d/b/a )<br>**Oxford Management Services,** and )<br>**Asset Acceptance LLC,** a Delaware )<br>limited liability company, )<br>)<br>Defendants. )<br>_____ ) | **1:07-cv- 791**<br>Richard Alan Enslen<br>US District Judge |

## Complaint

### I.  Introduction

1.  This is an action for damages, declaratory and injunctive relief, brought against the defendant debt collectors in response to defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Collection Practices Act ("MCPA"), M.C.L. § 339.901 *et seq.,* and for breach of contract.

### II.  Jurisdiction

2.  This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201. Venue in this judicial district is proper because the pertinent events took place here.

1

### III. Parties

3. Plaintiff Maria Fox is a natural person residing in Kent County, Michigan. Mrs. Fox is a "consumer" as the term is defined and used in the FDCPA. Mrs. Fox is a "consumer," "person," and "debtor" as the terms are defined and used in the MCPA.

4. Defendant Oxford Collection Agency, Inc. ("Oxford") is a New York corporation, doing business in Michigan under the assumed name of Oxford Management Services. Oxford maintains an office at 135 Maxess Road, Melville, New York 11747. Oxford's registered agent in New York is Salvatore Spinelli, 135 Maxess Road, Melville, New York 11747. Oxford's registered agent in Michigan is The Prentice-Hall Corporation System, Inc., 601 Abbott Road, East Lansing, Michigan 48823. Oxford is a "debt collector" as the phrase is defined and used in the FDCPA. Oxford is a "collection agency" and a "licensee" as these phrases and terms are defined and used in the MCPA.

5. Defendant Asset Acceptance, LLC ("Asset") is a Delaware limited liability company, doing business in Michigan. The Michigan registered agent for Asset is The Corporation Company, 30600 Telegraph Road, Bingham Farms, Michigan 48025. Asset is a "debt collector" as the phrase is defined and used in the FDCPA. Asset is a "collection agency" and a "licensee" as these phrases and terms are defined and used in the MCPA.

### IV. Facts

6. Mrs. Fox had a line of credit (Account No. 53648500148569) with Household Bank or a related entity. Mrs. Fox used the line of credit to purchase goods and/or services for personal, family and/or household purposes. The resulting obligation to pay money was a "debt" as the term is used in the FDCPA and MCPA.

7. Mrs. Fox became unable to pay the debt.

8. Apparently, Household Bank or some other entity hired Oxford to collect the debt from Mrs. Fox. Alternatively, Oxford purchased the delinquent debt.

9. By letter dated January 9, 2007, Oxford wrote Mrs. Fox and demanded payment of the debt. The letter stated that Oxford had been retained to collect the debt. A copy of the letter is attached hereto as Exhibit A. Throughout January of 2007, Oxford continued to write and telephone Mrs. Fox, resulting in numerous violations of the FDCPA and MCPA.

10. On February 1, 2007, Mrs. Fox filed a lawsuit against Oxford in the United States District Court for the Western District of Michigan, Case No. 1:07-cv-106, alleging violations of the FDCPA and MCPA.

11. On February 19, 2007, counsel for Mrs. Fox and Oxford agreed to settle Case No. 1:07-cv-106. As part of the settlement, Oxford agreed "to pay the owner of the debt whatever sum is necessary to extinguish the underlying debt." A copy of the letter agreement stating the terms of settlement is attached hereto as Exhibit B.

12. On March 7, 2007, counsel for Mrs. Fox filed a Notice of Dismissal in Case No. 1:07-cv-106.

13. Despite the foregoing, by letter dated August 7, 2007, Asset wrote Mrs. Fox, claiming that Asset had purchased Account No. 53648500148569 and demanding payment of the supposed debt. A copy of the letter is attached hereto as Exhibit C.

14. Mrs. Fox does not owe anything to anyone in connection with Account No. 53648500148569.

15. Oxford wrongfully failed to pay and extinguish the debt, breaching its contract

3

with Mrs. Fox. Alternatively, Oxford did pay and extinguished the debt and Asset attempted to collect a debt that was paid.

16. Oxford made false representations as to the legal status of the debt in connection with the sale, transfer, or assignment of the debt to another debt collector, with knowledge that the subsequent owner of the debt intended to initiate or continue attempts to collect the debt.

17. Asset made false representations to Mrs. Fox regarding the debt.

18. Asset attempted to collect a debt from Mrs. Fox which Mrs. Fox did not owe.

19. The unlawful debt collection methods, acts and practices of Oxford and its employees were willful. The violations of the FDCPA and MCPA by Oxford and its employees were willful.

20. The unlawful debt collection methods, acts and practices of Asset and its employees were willful. The violations of the FDCPA and MCPA by Asset and its employees were willful.

21. As an actual and proximate result of the acts and omissions of Oxford and Asset and their employees, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, and suffering for which she should be compensated in an amount to be established by jury and at trial.

**V.     Claims for Relief**

**Count 1– Fair Debt Collection Practices Act**

22. Plaintiff incorporates the foregoing paragraphs by reference.

23. Defendants have violated the FDCPA. Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

a) Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse plaintiff in connection with the collection of a debt;

b) Defendants violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt; and

c) Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt

**Wherefore,** plaintiff seeks judgment against defendants for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that defendants' practices violate the FDCPA; and

e) Such further relief as the court deems just and proper.

### Count 2– Michigan Collection Practices Act

24. Plaintiff incorporates the foregoing paragraphs by reference.

25. Defendants have violated the MCPA. Defendants' violations of the MCPA include, but are not necessarily limited to, the following:

a) Defendants violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt.

b) Defendants violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or

threatened; and (ii) the legal rights of a creditor or debtor; and

c) Defendants violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendants for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

### Count 3 – Breach of Contract

26. Plaintiff incorporates the foregoing paragraphs by reference.

27. Plaintiff entered into a written contract with Oxford, whereby Oxford was obligated to pay the debt. The contract term was material to plaintiff.

28. The contract was supported by consideration.

29. Oxford breached its contract with plaintiff. The breach was material.

30. Plaintiff has suffered loss as a result of Oxford's breach of contract.

**Wherefore,** plaintiff seeks judgment against Oxford for:

a) A declaratory judgment that Oxford's practices constitute a breach of contract;

b) Actual damages;

c) Exemplary damages;

d) Costs;

e) Reasonable attorney's fees;

f) An order requiring Oxford to repair plaintiff's credit history in the event Oxford's

    breach of contract has resulted in any derogatory credit information regarding the extinguished debt to be included in or to remain a part of plaintiff's credit history; and

g) Such further relief as the Court deems appropriate.

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: August 15, 2007

            */s/ Phillip C. Rogers*
            Phillip C. Rogers (P34356)
            Attorney for Plaintiff
            40 Pearl Street, N.W., Suite 336
            Grand Rapids, Michigan 49503
            (616) 776-1176
            ConsumerLawyer@aol.com